UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| C-CATION TECHNOLOGIES, LLC,<br><br>       *Plaintiff*,<br><br> v.<br><br>COMCAST CORPORATION, CHARTER COMMUNICATIONS, INC., CEQUEL COMMUNICATIONS, LLC dba SUDDENLINK COMMUNICATIONS, CABLE ONE, INC., ALMEGA CABLE INC., LONGVIEW CABLE TELEVISION COMPANY, INC., AND KILGORE VIDEO, INC.<br><br>       *Defendants*. | Case No. 2:11-cv-30<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff C-Cation Technologies, LLC ("plaintiff"), through its attorneys, for its complaint against defendants Comcast Corporation, Charter Communications, Inc., Cequel Communications, LLC doing business as ("dba") Suddenlink Communications, Cable One, Inc., Almega Cable Inc., Longview Cable Television Company, Inc., and Kilgore Video, Inc. (collectively "defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 150 Purchase Street, Suite 9, Rye, New York.

2. Upon information and belief, Defendant Comcast Corporation ("Comcast") is a corporation organized and existing under the laws of the State of Pennsylvania with a principal

place of business at One Comcast Center, Philadelphia, Pennsylvania.

3. Upon information and belief, Defendant Charter Communications, Inc. ("Charter") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 12405 Powerscourt Drive, Suite 100, St. Louis, Missouri.

4. Upon information and belief, Defendant Cequel Communications, LLC, dba Suddenlink Communications ("Suddenlink") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri.

5. Upon information and belief, Defendant Cable One, Inc. ("Cable One") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1314 North 3rd Street, Phoenix, Arizona.

6. Upon information and belief, Defendant Almega Cable Inc. ("Almega") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4001 West Airport Freeway, Suite 530, Bedford, Texas.

7. Upon information and belief, Defendant Longview Cable Television Company, Inc. ("Longview") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 711 North High Street, Longview, Texas.

8. Upon information and belief, Defendant Kilgore Video, Inc. ("Kilgore") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 711 North High Street, Longview, Texas.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code (for example, 35 U.S.C. §§ 271, 281, 283, 284, and 285).

10. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Comcast, Charter, Suddenlink, Cable One, Almega, Longview, and Kilgore (collectively "defendants"). Defendants have conducted and/or do conduct business within the State of Texas. Defendants have and/or do now, directly or through intermediaries (including distributors, retailers, and others) ship, distribute, offer for sale, sell, advertise, operate and use their respective cable system products and services in the United States, the State of Texas, and the Eastern District of Texas. These infringing cable system products and services have been and/or continue to be used and purchased by consumers in the Eastern District of Texas. As a result, defendants have committed or induced the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

12. On information and belief, venue in this Judicial District is proper under 28 U.S.C. §§ 1391 and 1400(b) because defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 5,563,883

13. On October 8, 1996, United States Letters Patent No. 5,563,883 ("the '883 patent," attached as Exhibit A), entitled "Dynamic Channel Management and Signalling [*sic*] Method and Apparatus," were duly and legally issued. Plaintiff is the owner of all rights, title, and interest in and to the '883 patent.

14. The '883 patent is valid and enforceable.

15. Upon information and belief, defendants have been and are now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or

under the doctrine of equivalents, the '883 patent by offering for sale, selling, operating, advertising and marketing cable systems and cable modem products, including systems and products compliant with the Data Over Cable System Interface Specification ("DOCSIS") standard, that fall within the scope of at least one claim of the '883 patent. More particularly, but without being limited thereto, defendants operate, advertise, market, and sell cable systems and cable modem products that perform, or are capable of performing, the Dynamic Channel Change and Channel Bonding features of the DOCSIS 1.1, 2.0 and 3.0 standards. Any cable systems, or cable modem products used in such cable systems, that are capable of performing the Dynamic Channel Change and/or Channel Bonding features of the applicable DOCSIS standards necessarily infringe one or more claims of the '883 patent.

16. Plaintiff has no adequate remedy at law against defendants' acts of infringement and, unless defendants are enjoined from their infringement of the '883 patent, plaintiff will suffer irreparable harm.

17. All defendants have knowledge of the '883 patent at least by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

18. As a result of defendants' acts of infringement, plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

19. WHEREFORE, plaintiff prays for the following relief:

    A. A judgment in favor of plaintiff that defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, at least one claim of the '883 patent;

- 5 -

    B.  A permanent injunction, enjoining defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them for infringing, inducing the infringement of, or contributing to the infringement of the '883 patent;

    C.  An award to plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for defendants' past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

    D.  A judgment and order requiring defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

    E.  An award to plaintiff of pre-judgment and post-judgment interest on its damages; and

    F.  Such other further relief in law or equity to which plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

  20.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:   January 25, 2011

Of Counsel:

Lewis V. Popovski
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288
lpopovski@kenyon.com
jginsberg@kenyon.com

Respectfully submitted:

  /s/ Sam Baxter
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile:  (903) 923-9099

*Attorneys for C-Cation Technologies, LLC*