**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| C-CATION TECHNOLOGIES, LLC,<br><br>*Plaintiff*,<br>v.<br><br>COMCAST CORPORATION, CHARTER COMMUNICATIONS, INC., CEQUEL COMMUNICATIONS, LLC dba SUDDENLINK COMMUNICATIONS, CABLE ONE, INC., ALMEGA CABLE INC., LONGVIEW CABLE TELEVISION COMPANY, INC., AND KILGORE VIDEO, INC.<br><br>*Defendants*. | Case No. 11-cv-30 (TJW)<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

Plaintiff C-Cation Technologies, LLC ("plaintiff"), through its attorneys, for its first amended complaint against defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast of Houston, LLC, Charter Communications, Inc., Cequel Communications, LLC doing business as ("dba") Suddenlink Communications, Cable One, Inc., Almega Cable Inc., Longview Cable Television Company, Inc., and Kilgore Video, Inc. (collectively "defendants"), alleges as follows:

**THE PARTIES**

1.   Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 150 Purchase Street, Suite 9, Rye, New York.

2.   Upon information and belief, Defendant Comcast Corporation is a corporation

organized and existing under the laws of the State of Pennsylvania with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania; Defendant Comcast Cable Communications, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Philadelphia, Pennsylvania; and Defendant Comcast of Houston, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Philadelphia, Pennsylvania (collectively "Comcast") .

3. Upon information and belief, Defendant Charter Communications, Inc. ("Charter") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 12405 Powerscourt Drive, Suite 100, St. Louis, Missouri.

4. Upon information and belief, Defendant Cequel Communications, LLC, dba Suddenlink Communications ("Suddenlink") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri.

5. Upon information and belief, Defendant Cable One, Inc. ("Cable One") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1314 North 3rd Street, Phoenix, Arizona.

6. Upon information and belief, Defendant Almega Cable Inc. ("Almega") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4001 West Airport Freeway, Suite 530, Bedford, Texas.

7. Upon information and belief, Defendant Longview Cable Television Company, Inc. ("Longview") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 711 North High Street, Longview, Texas.

8. Upon information and belief, Defendant Kilgore Video, Inc. ("Kilgore") is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 711 North High Street, Longview, Texas.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code (for example, 35 U.S.C. §§ 271, 281, 283, 284, and 285).

10. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Comcast, Charter, Suddenlink, Cable One, Almega, Longview, and Kilgore (collectively "defendants"). Defendants have conducted and/or do conduct business within the State of Texas. Defendants have and/or do now, directly or through intermediaries (including distributors, retailers, and others) ship, distribute, offer for sale, sell, advertise, operate and use their respective cable system products and services in the United States, the State of Texas, and the Eastern District of Texas. These infringing cable system products and services have been and/or continue to be used and purchased by consumers in the Eastern District of Texas. As a result, defendants have committed or induced the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

12. On information and belief, venue in this Judicial District is proper under 28 U.S.C. §§ 1391 and 1400(b) because defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 5,563,883

13. Plaintiff incorporates by reference Paragraphs 1 through 12 in their entirety as if

fully set forth herein.

14. On October 8, 1996, United States Letters Patent No. 5,563,883 ("the '883 patent," attached as Exhibit A), entitled "Dynamic Channel Management and Signalling Method and Apparatus," were duly and legally issued. Plaintiff is the owner of all rights, title, and interest in and to the '883 patent.

15. The '883 patent is valid and enforceable.

16. Upon information and belief, defendants have been and are now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '883 patent by offering for sale, selling, operating, advertising and marketing cable systems and cable modem products, including systems and products compliant with the Data Over Cable System Interface Specification ("DOCSIS") standard, that fall within the scope of at least one claim of the '883 patent. More particularly, but without being limited thereto, defendants operate, advertise, market, and sell cable systems and cable modem products that perform, or are capable of performing, channel assignment, channel reassignment, and/or bandwidth allocation functions of the DOCSIS 1.1, 2.0 and 3.0 standards. Any cable systems, or cable modem products used in such cable systems, that are capable of performing these functions necessarily infringe one or more claims of the '883 patent.

17. Upon information and belief, defendants have been and are now instructing and/or directing their subscribers to purchase, use, and/or connect cable systems or cable modem products that infringe one or more claims of the '883 patent. Upon information and belief, defendants also have been and are now providing, selling or leasing cable systems or cable modem products to their subscribers that infringe one or more claims of the '883 patent. As a result, defendants have induced and/or contributed to their subscribers' infringement of the '883

patent.

18. Plaintiff has no adequate remedy at law against defendants' acts of infringement and, unless defendants are enjoined from their infringement of the '883 patent, plaintiff will suffer irreparable harm.

19. On information and belief, Comcast has had knowledge of the '883 patent since at least June 30, 2003, and, to the extent it has not ceased its infringing activities, Comcast's infringement has been and continues to be willful and deliberate.

20. As a result of defendants' acts of infringement, plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

A. A judgment in favor of plaintiff that defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, at least one claim of the '883 patent;

B. A permanent injunction, enjoining defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them for infringing, inducing the infringement of, or contributing to the infringement of the '883 patent;

C. An award to plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for defendants' past infringement and any continuing or future infringement, including both compensatory damages and treble damages for Comcast's willful infringement;

D. A judgment and order requiring defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

E. An award to plaintiff of pre-judgment and post-judgment interest on its damages; and

F. Such other further relief in law or equity to which plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: April 6, 2011                          Respectfully submitted:


Of Counsel:                                   _____
                                              Samuel F. Baxter
Lewis V. Popovski                             Texas State Bar No. 01938000
Jeffrey S. Ginsberg                           sbaxter@mckoolsmith.com
KENYON & KENYON LLP                           104 East Houston, Suite 300
One Broadway                                  Marshall, Texas 75670
New York, NY 10004-1007                       Telephone: (903) 923-9000
Tel.: (212) 425-7200                          Facsimile: (903) 923-9099
Fax: (212) 425-5288
lpopovski@kenyon.com
jginsberg@kenyon.com


*Attorneys for C-Cation Technologies, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this day, April 5, 2011. Local Rule CV-53(a)(3)(A).

                                           */s/ Sam Baxter*
                                           Sam Baxter