IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| C-CATION TECHNOLOGIES, LLC, § § § Plaintiff, § § v. § § COMCAST CORPORATION, et al., § § Defendants. § § | CIVIL CASE NO. 2:11-CV-30 |

**O R D E R**

Before the Court is Defendants Comcast Corporation ("Comcast Corp."), Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Houston, LLC's ("Comcast of Houston's") (collectively, "Comcast's") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3). Dkt. No. 69. Also before the Court are Plaintiff's response, Comcast's reply, and Plaintiff's sur-reply. Dkt. Nos. 79, 81 & 82. Having considered the briefing and all relevant papers and pleadings, the Court finds that Comcast's motion should be DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff brings this patent infringement suit alleging infringement of United States Patent No. 5,563,883, titled "Dynamic Channel Management and Signalling Method and Apparatus." Dkt. No. 1. Comcast moves to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(3), respectively. Dkt. No. 69.

## II. LEGAL PRINCIPLES

A district court may exercise personal jurisdiction where: (1) the state's long-arm statute permits jurisdiction; and (2) the exercise of personal jurisdiction over the defendant does not violate federal due process. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *see also Akro Corp v. Luker*, 45 F.3d 1541, 1544-45 (Fed. Cir. 1995) (noting that personal jurisdiction in patent cases is governed by the due process clause of the Fifth Amendment, rather than the Fourteenth, but finding that the usual personal jurisdiction jurisprudence applies). The Texas long-arm statute is coextensive with federal due process. *Id.* at 647.

Personal jurisdiction may be either general or specific. General jurisdiction is proper where the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414-15 (1984).

Specific jurisdiction is proper where the defendant has (1) "minimum contacts" with the forum state, and (2) the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Wilson*, 20 F.3d at 647. Minimum contacts may include purposeful availment of the benefits of doing business in the forum state, directing of activities in the forum state, and placing of products in the "stream of commerce." *Beverly Hills Fan Co., v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994). The Court should consider the degree to which the defendant's contacts arise out of, or relate to, the conduct about which plaintiff complains. *Id.*

"It is well settled that a foreign corporation is not subject to the jurisdiction of a court merely because of any contacts which its subsidiary may have with the forum state." *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 498 n.8 (5th Cir. 1989) (citing *McCardle v. Ark. Log*

*Homes, Inc.*, 633 F.Supp. 897 (S.D. Miss. 1986)).

Venue in a patent infringement case is proper in any district that may exercise personal jurisdiction over the corporate defendant at the time the action is commenced. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed Cir. 1990); *see also* 28 U.S.C. §§ 1391(c) & 1400(b). "The venue issue is therefore subsumed in the personal jurisdiction issue." *North Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 n.1 (Fed. Cir. 1994).

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). "In satisfying the above burden, when the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to constitute a prima facie case of personal jurisdiction." *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Under this standard, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor . . . ." *Id.* at 217 (quoting *D.J. Investments, Inc., v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)).

### III. DISCUSSION

Comcast argues that Comcast Corporation is not subject to personal jurisdiction in Texas because cable services are provided by subsidiaries, such as Defendants Comcast Cable and Comcast of Houston. *See* Dkt. No. 69. Comcast argues that the above-captioned case should be

dismissed because "[v]enue must be proper over *all* defendants for venue to be proper over the entire action." *Id.* at 5.

Plaintiff responds that "Comcast Corp.'s website advertises infringing cable systems and services to Texas customers, offers those systems and services for sale, and sells them to Texas customers." Dkt. No. 79 at 1-2. Plaintiff also submits that even if Comcast Corp. is not found to be conducting business in Texas, Comcast Corp. "obtains revenue from its wholly owned subsidiaries, Comcast Cable . . . and Comcast of Houston . . ., that do." *Id.* at 2. Plaintiff requests that the Court either deny Comcast's motion or, alternatively, allow jurisdictional discovery. *Id.* at 11.

In reply, Comcast Corp. reiterates that it is merely a holding company and submits that the website cited by Plaintiff is operated by Comcast Cable, not Comcast Corp. Dkt. No. 81 at 1-2. Comcast notes that Plaintiff "has not pleaded any 'alter ego' theory in its Amended Complaint, which is necessary to allow a defendant to test the sufficient of those allegations." *Id.* at 9.

In sur-reply, Plaintiff argues that Comcast Corp. "holds itself out as an entity that provides cable systems and services in Texas," such as through press releases that "specifically refer to Comcast Corp. as the entity that offers for sale and provides cable systems and services throughout the nation, including cities and towns within Texas." Dkt. No. 82 at 1.

On balance, Plaintiff has presented sufficient evidence to warrant jurisdictional discovery. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) ("[Jurisdictional] discovery is appropriate where the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations

through discovery") (internal quotation marks omitted); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985); *Keranos, LLC. v. Analog Devices, Inc.*, No. 2:10-cv-207, 2011 WL 4027427, at *10 (E.D. Tex. Sept. 12, 2011) (Ward, J.).

Comcast's motion to dismiss is therefore DENIED WITHOUT PREJUDICE, and Plaintiff has <u>60 days from the date of this Order</u> to conduct jurisdictional discovery with respect to Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Houston, LLC.

## IV.  CONCLUSION

Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Houston, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3) (Dkt. No. 69) is hereby **DENIED WITHOUT PREJUDICE**.

**SIGNED this 10th day of January, 2012.**

                                                                  _____
                                                                  DAVID FOLSOM
                                                                  UNITED STATES DISTRICT JUDGE