IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| C-CATION TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-30 |
| COMCAST CORPORATION, et al., | § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court is the parties' Joint Motion for Entry of Disputed Discovery Order. Dkt. No. 92. Also before the Court is the parties' Joint Motion for Entry of Disputed Docket Control Order. Dkt. No. 93. The Court rules on the parties' disputes herein.

### I. DISCUSSION

#### A. Fact Depositions

Plaintiff proposes a limit of 170 hours per side for fact depositions. Defendant proposes a limit of 200 hours per side and, in addition, that each defendant group be permitted up to 14 additional hours.

The Court hereby **ORDERS** that each side be limited to 200 hours for fact depositions. The Defendants shall all share in this 200 hour limit. If Defendants are unable to agree on how to divide their 200 hours, then the hours shall be divided equally among the defendant groups.

#### B. Expert Depositions

Plaintiff proposes that expert depositions be limited to 10 total hours per expert (as to all

Defendants).

Defendants propose that for expert reports addressing issues common to all Defendants, such as validity and enforceability, the expert deposition should be limited to 10 hours per expert report.  Defendants propose that for expert reports addressing issues specific to individual Defendants, such as infringement and damages, the expert deposition should be limited to 7 hours per defendant group per expert report.

The Court hereby **ORDERS** that expert depositions be limited to 15 hours per expert. The Defendants shall share in these hours.  If the Defendants are unable to agree on how to divide the 15 hours, then the hours shall be divided equally among the defendant groups.

**C. Footnote Regarding Southern District of New York Litigation**

Defendants propose including as footnote 2 in the discovery order that if certain related contract claims pending in the Southern District of New York are transferred to this Court, then the parties must meet and confer regarding whether additional discovery is necessary for those claims.  Plaintiff responds that this footnote is unnecessary.

On balance, the Court agrees with Plaintiff.  The Court therefore **ORDERS** that the proposed footnote 2 be omitted.

**D. Meet-and-Confer Requirements for Discovery Motions**

Defendants propose that before any discovery motion may be filed, the parties must first meet and confer, in person, with local counsel present, in a good faith effort to resolve the matter. Plaintiff responds that this requirement is unnecessary and that a teleconference would be sufficient.

On balance, the Court agrees with Defendants and notes that the proposed requirement

only requires the in-person presence of counsel for the parties that are in disagreement. The Court hereby **ORDERS** that the discovery order reflect Defendants' proposal in this regard.

**E. Schedule**

The parties submit competing schedules. Plaintiff argues that Defendants' proposal would needlessly delay the claim construction disclosures. Defendants argue that their schedule is tied to the current claim construction hearing date of April 22, 2014, and that it would make little sense to complete claim construction briefing more than a year before the hearing.

The Court hereby **SETS** the following deadlines:

| | |
|---|---|
| Comply with P.R. 4-1 (Exchange of Proposed Terms and Claim Elements for Construction) | January 18, 2013 |
| Amend Pleadings | March 15, 2013 |
| Comply with P.R. 4-4 (Completion of Claim Construction Discovery) | May 17, 2013 |
| Comply with P.R. 4-5(a) (Opening Claim Construction Brief) | July 12, 2013 |
| Fact Discovery Deadline | January 24, 2014 |

The parties are further hereby **ORDERED** to meet and confer in an effort to agree on the remaining deadlines.

## II. CONCLUSION

The parties' Joint Motion for Entry of Disputed Discovery Order (Dkt. No. 92) is hereby **GRANTED AS MODIFIED**: the parties are hereby **ORDERED** to file a joint motion for entry of a discovery order that conforms with the Court's rulings set forth in Section I., above, <u>within 14 days of this Order</u>.

The parties' Joint Motion for Entry of Disputed Docket Control Order (Dkt. No. 93) is

hereby **GRANTED AS MODIFIED**: the parties are hereby **ORDERED** to file a joint motion for entry of a scheduling order that conforms with the Court's rulings set forth in Section I., above, <u>within 14 days of this Order</u>.

    **IT IS SO ORDERED.**

    SIGNED this 12th day of January, 2012.

*/s/ David Folsom*
_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE